**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SIDNEY KEYS, SR.,                        )
                                          )
          Plaintiff,                    )
    v.                                    )          Case No. 4:24-cv-383-SEP
                                          )
STATE OF MISSOURI,                       )
                                          )
          Defendant.                   )

## MEMORANDUM AND ORDER

Before the Court is the 'Application to Proceed in District Court Without Prepaying Fees or Costs' filed by self-represented Plaintiff Sidney Keys.  Doc. [2].  Plaintiff's Application does not comply with the Local Rules of this Court or the federal statute under which it may be granted.  As such, the Court denies the motion without prejudice, and directs Plaintiff to file a new, complete motion or pay the full filing fee.  Plaintiff's failure to comply with this Order will result in dismissal of this action.

Under the Local Rules of this Court:  "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court."  E.D. Mo. L.R. 2.05(A).  Additionally, the federal statute governing *in forma pauperis* actions, 28 U.S.C. § 1915, requires the applicant to submit "an affidavit that includes a statement of all assets such prisoner possesses."  28 U.S.C. § 1915(a)(1).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because he has not provided any income or asset information on the Application. Plaintiff failed to answer the Application question pertaining to gross pay or wages, and the

question about how much money he currently has in cash, checking, or savings accounts. *See* Doc. [2]. He simply left these questions blank. Without any income or asset information, the Court cannot determine whether the costs of litigating this matter would prevent Plaintiff from being able to provide for the necessities of life.

Therefore, Plaintiff's motion will be denied without prejudice. If Plaintiff wishes to proceed in this action, he must either file a new Application with complete answers or pay the full $405 filing fee for this case within thirty (30) days of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees and Costs, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a blank "Application to Proceed in District Court without Prepaying Fees or Costs" form.

**IT IS FINALLY ORDERED** that Plaintiff must either pay the full $405 filing fee or submit a completed Application in accordance with the instructions set forth herein, within **thirty (30) days** of the date of this Order.

**Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 24th day of May, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE