# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

SIDNEY KEYS, SR.,               )
                                       )
          Plaintiff,        )
     v.                         )       No. 4:24-cv-00383-SEP
                                         )
STATE OF MISSOURI,          )
                                       )
          Defendant.     )

## MEMORANDUM AND ORDER

On May 24, 2024, the Court denied Plaintiff's request to proceed *in forma pauperis* because his motion did not comply with the Court's Local Rules or the relevant statute, 28 U.S.C. § 1915(a)(1).  *See* Doc. [6].  The Court gave Plaintiff 30 days to file a new motion or pay the full filing fee and cautioned Plaintiff that failure to comply would result in dismissal of this case without further notice.  *Id.*  Plaintiff's response was due by June 24, 2024.

Plaintiff has neither responded to the Court's order nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1).  And Federal Rule of Civil Procedure 41(b) states:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Supreme Court has explained that the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).  And the Court can dismiss for failure to prosecute without a motion by a defendant.  *See id.* at 630.  Courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Id.*  Plaintiff was given meaningful notice of what was expected; he was cautioned that his case would be dismissed if he failed to timely comply; and he was given ample time to comply.  The case is therefore dismissed for failure to comply with the Court's order.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of July, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE